**FILED**
**Jun 21, 2021**
**03:19 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| **Jamie Moses,** | ) | **Docket No.: 2020-01-0875** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Five Star Food Service, Inc.,** | ) | **State File No.: 32242-2020** |
| **Employer,** | ) | |
| **And** | ) | **Judge Thomas Wyatt** |
| **Amerisure Partners Ins. Co.,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS
### *(DECISION ON THE RECORD)*

Jamie Moses requested an Expedited Hearing on the record for left-shoulder/rotator cuff surgery recommended by the treating physician. The Court entered a Docketing Notice setting deadlines for filing evidence and briefs by June 15, 2021. Five Star responded that the Court should not hear the surgery issue because Ms. Moses failed to comply with timing provisions in the Bureau's rules. Alternatively, it argued Ms. Moses failed to prove the medical necessity of the disputed surgery. For the reasons below, the Court orders Five Star to authorize the surgery.

### History of Claim

On May 20, 2020, Ms. Moses felt a pulling sensation and immediate pain when she slung a heavy tote into a truck at work. Five Star accepted the claim and approved a referral to orthopedist Dr. Jason Spangler after a brief period of care at a walk-in clinic.

Dr. Spangler first saw Ms. Moses in mid-June. He injected the shoulder and, with the benefit of MRI results, diagnosed a sprain that acutely caused joint inflammation in her already-arthritic left shoulder. He also diagnosed small tendon tears in the left rotator cuff. He ordered physical therapy and injected the shoulder again on August 17. He ordered arthroscopic surgery on September 28 because conservative measures failed to provide relief.

1

Five Star submitted the surgery recommendation to utilization review (UR). A physician reviewer who did not examine Ms. Moses declined to certify the recommended surgery. By letter dated October 6, the reviewer concluded that the recommended surgery did not conform to applicable treatment guidelines because: the surgery should not be performed until six months after the last injection to the affected area; Ms. Moses had full strength in the muscles of her left rotator cuff; and the MRI showed only tiny tears in the rotator cuff.

Ms. Moses appealed the UR decision. On November 10, the Bureau's Medical Director upheld the non-certification because "the medical records do not reflect that sufficient and consistent conservative treatment has failed."[1]

Ms. Moses filed a Petition for Benefit Determination on December 3 seeking authorization of the surgery. The Dispute Certification Notice listed Five Star's defense as: "Utilization Review denial of request for surgery." It later added lack of medical causation as a defense. Ms. Moses requested an on-the-record Expedited Hearing, to which Five Star consented.

In support of the requested surgery, Ms. Moses submitted an affidavit signed by Dr. Spangler on April 7.[2] He concluded that Ms. Moses's shoulder injuries, need for treatment, and disablement "arose primarily out of and in the course and scope of employment with [Five Star] and the employment contributed more than fifty percent (50%) in causing [her] left shoulder injuries and the need for treatment." Regarding the medical necessity of the recommended surgery, Dr. Spangler stated:

> In my opinion, my request for surgery falls within the treatment guidelines and is absolutely medically necessary. Ms. Moses has tried conservative treatment including an AC Joint injection which only gave her some relief and a subacromial injection which did not afford complete relief. The MRI shows partial thickness tearing of the rotator cuff and a superior glenoid labrum tear which need to be surgically repaired along with arthroscopic clearing of inflammation in the AC joint. This is the only way to get this patient back to maximum medical improvement and I do not understand why workers' compensation would deny this patient such a typical, usual remedy for such a left shoulder injury.

Five Star relied on the opinions of the UR reviewer and Medical Director to support

---

[1] The UR physician stated the guidelines required three to six months of failed conservative care. Dr. Spangler recommended surgery approximately four and one-half months after Ms. Moses began her course of conservative treatment.

[2] Dr. Spangler last saw Ms. Moses in his office in January 2021. His diagnosis and treatment recommendations on that date did not change from the previous visits

its position the requested surgery is not medically necessary.[3]

## Findings of Fact and Conclusions of Law

To recover, Ms. Moses must present evidence from which the Court can determine she is likely to prevail at a hearing on the merits in showing that the disputed surgery is reasonable and necessary to treat a compensable injury. *See generally McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). Under the Workers' Compensation Law, an employer's obligation is limited to providing treatment that is made "reasonably necessary" by the work injury. Tenn. Code Ann. § 50-6-204(a)(1)(A) (2020).

Five Star first argued that the surgical issue is not ripe for consideration because Ms. Moses did not comply with timing provisions in the Bureau's UR regulations. Specifically, it argued that Ms. Moses failed to timely file a petition for benefit determination requesting a hearing on the Medical Director's denial of the surgery recommended by Dr. Spangler.

Tennessee Compilation Rules and Regulations 0800-02-06-.07(6) prescribes a period of seven business days after the date of the Medical Director's decision for filing a petition on the decision. If no petition requesting a hearing of the dispute is made within the seven-business-day period, the Medical Director's denial "shall remain effective for a period of 6 months from the date of the decision" unless there is "material change documented by the treating physician that supports a new review or other information that was not used by the [reviewing physician] in making the initial decision." Tenn. Comp. R. & R. 0800-02-06-.06(7), 0800-02-06-.07(5) (January 2017).

Ms. Moses filed a petition disputing the Medical Director's denial of surgery outside the limitations period in the Bureau's rules. Thus, by regulation, the Medical Director's denial stayed in effect for six months, or until May 10, 2021. The issue here is whether Ms. Moses' failure to comply with the limitations period meant she could not file a petition to challenge the UR denial until after May 10. Five Star argued that Ms. Moses' failure to file her petition within seven business days of the Medical Director's denial meant she had to begin the entire surgical-authorization process again after May 10. In other words, she could not bring the surgery issue before the Court until she saw Dr. Spangler after May 10, he again recommended surgery, Five Star again submitted the recommendation to UR, and the UR procedure was exhausted.

In essence, Five Star argued that Ms. Moses had no judicial review of the Medical Director's denial of her surgery because she did not exhaust the administrative remedy in

---

[3] Five Star expressed concern that the Court would not consider the evidence it filed because the Docketing Notice stated the Court had sufficient information to decide the medical-necessity decision on the record. That is not the case. The Court's Docketing Notice gave Five Star the opportunity to submit evidence and the Court considered the evidence Five Star submitted.

the Bureau's rules—filing a petition within seven business days to challenge the Medical Director's denial. After considering the Bureau's rules and the Workers' Compensation Law together, the Court holds that Five Star's position is incorrect.

The Supreme Court has held that, "[U]nless the statute providing for an administrative remedy requires exhaustion [of remedies] "by its plain words," an administrative appeal is not mandatory[.] Absent a statutory mandate, the exhaustion of the administrative remedies doctrine is a matter of judicial discretion." *Thomas v. State Bd. of Equalization*, 940 S.W.2d 563, 566 n.5 (Tenn. 1997).

Tennessee Code Annotated section 50-6-242 empowers the Bureau to establish a utilization review program. Nothing in the statute requires an employee to exhaust administrative remedies before filing a petition to seek authorization for a surgery denied by UR. In fact, the administrative procedure of filing a petition to challenge the Medical Director's denial is couched in permissive (a party "may file"), not mandatory, terms. Nothing in the plain words of the Workers' Compensation Law and the UR regulations mandates that the *only* way to challenge the Medical Director's denial of treatment is to file a petition within seven business days of the Medical Director's denial of treatment.

However, if, as here, the employee fails to file a petition within the seven-day period prescribed in the UR rules, the Medical Director's decision remains effective for six months. While the employee need not wait until the six months expires to file a petition, the Court cannot act on the issue until the six-month period expires. Once it expires, as it has here, the Court can, within its recognized procedures including an Expedited Hearing, consider remedies sought by a party who disagrees with the Medical Director's decision.

The Workers' Compensation Appeals Board has held that the Court of Workers' Compensation Claims may order an employer to pay for medical treatment that was non-certified under the UR procedure. *See Venable v. Superior Essex, Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 56 (Nov. 2, 2016). Thus, the Court holds Ms. Moses had the right to judicially challenge the UR denial of the recommended surgery, and she was not required to wait six months after the Medical Director's decision to file a PBD initiating the challenge.

To receive the recommended surgery, Ms. Moses must show that, at a hearing on the merits, she will prevail in proving, by a reasonable degree of medical certainty, that the surgery is medically necessary. Tenn. Code Ann. § 50-6-204(a)(1)(A). "Reasonable degree of medical certainty" means "it is more likely than not considering all causes, as opposed to speculation or uncertainty." *Id.* at § 50-6-102(14)(D). A standard requiring "medical certainty" requires an expert medical opinion. "Any treatment recommendation by a physician . . . selected pursuant to this subdivision (a)(3) or by referral, if applicable, shall be presumed to be medically necessary for treatment of the injured employee." *Id.* at § 50-6-204(a)(2)(H).

4

Here, the Court is presented with different opinions on whether surgery is medically necessary. The Court has discretion to determine which opinion to accept. *Patterson v. Huff & Puff Trucking*, 2018 TN Wrk. Comp. App. Bd. LEXIS 33, at *9 (July 6, 2018). When deciding, the Court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts." *Bass v. The Home Depot U.S.A., Inc.*, 2017 TN Wrk Comp. App. Bd. LEXIS 36, at *9 (May 26, 2017).

Using the above direction, the Court considered the opinion of treating physician Dr. Spangler that the recommended surgery is reasonable and necessary, as well as the opinions of the UR physician and the Medical Director that the surgery did not meet applicable treatment guidelines. Upon doing so, the Court holds that Dr. Spangler's opinion best assists the Court in determining the medical necessity of the disputed surgery. In so holding, the Court considered the statutory presumption afforded Dr. Spangler's opinion on medical necessity; the fact he has seen and treated Ms. Moses over a period of months while the other physicians only reviewed records and treatment guidelines; and Dr. Spangler's consistent documentation of the painful and disabling impact of Ms. Moses's injury.

The Court gives little weight to Five Star's argument that the Court should devalue Dr. Spangler's opinion on medical necessity because he has not recently seen Ms. Moses. This position is inconsistent with Five Star's argument that the Court should uphold the denial of surgery by physicians who never saw her at all. Further, it offered no evidence that the MRI findings on which Dr. Spangler based his surgical recommendation had changed or are expected to change.

In view of the above, the Court holds that Ms. Moses will likely prevail in proving the medical necessity of the surgery recommended by Dr. Spangler.

**IT IS, THEREFORE, ORDERED** as follows:

1. Five Star must authorize the recommended surgery.

2. This case is set for a Status Hearing on **September 24, 2021, at 10:00 a.m. Eastern Time**. The parties shall call (615) 741-3061 or toll-free at (855) 747-1721 to participate. Failure to call may result in a determination of the issues without the absent party's participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer or Carrier must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation

5

within the period of compliance may result in a penalty assessment for noncompliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED June 21, 2021.**

*Thomas Wyatt*
_____
**JUDGE THOMAS WYATT**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits: The Court admitted the following exhibits into evidence:

1. Affidavit of Jamie Moses
2. Records of AFC Urgent Care
3. Records (submitted by both parties) of Center for Sports Medicine/Dr. Jason Spangler
4. Affidavit of Dr. Jason Spangler
5. Notice of Utilization Review denial
6. Letter from Medical Director upholding denial

Technical record: The Court considered the following filings in making its determination"

1. Petition for Benefit Determination
2. Dispute Certification Notice and Employer's additional issue
3. Request for Expedited Hearing (Decision on the Record)
4. Employee's brief
5. Notice of Employer's consent to on-the-record decision
6. Docketing Notice
7. Employer's position statement

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on June 21, 2021.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| G. Brent Burks Employee Attorney | | X | brentburks@mcmahanlawfirm.com |
| Nicholas Peterson Employer Attorney | | X | Nick.peterson@petersonwhite.com |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

7



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on _____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $_____ per month    Medical/Dental $_____ per month

Groceries        $_____ per month      Telephone      $_____ per month

Electricity      $_____ per month      School Supplies $_____ per month

Water            $_____ per month      Clothing       $_____ per month

Gas              $_____ per month      Child Care     $_____ per month

Transportation   $_____ per month      Child Support  $_____ per month

Car              $_____ per month

Other            $_____ per month (describe: _____ )

10. Assets:

Automobile              $_____      (FMV) _____

Checking/Savings Acct. $_____

House                   $_____      (FMV) _____

Other                   $_____      Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____